IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WILSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2940-P |
| | § | |
| JUDGE FINN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil rights action brought by George Wilson, appearing *pro se*, against a state family court judge and a lawyer in the Child Support Division of the Texas Attorney General's Office. On October 28, 2011, plaintiff tendered a complaint to the district clerk and subsequently filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on November 21, 2011. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to seek more than $300,000 in damages for spending 180 days in jail for violating an order requiring him to pay child support. (*See* Plf. Compl. at 1 & Exh. 1; Mag. J. Interrog. #3). The defendants are Judge Sean Finn, a Dallas County family court judge, and Bob McClendon, a lawyer who works in the Child Support Division of the Texas Attorney General's Office. According to plaintiff, Judge Finn improperly ordered him to pay child support without ordering a DNA test to determine paternity, and McClendon "tried to keep the records from coming out" and failed to assist plaintiff in the proceeding. (*See* Mag. J. Interrog. #7-8).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against either defendant for monetary damages. Judge Finn has absolute immunity for actions taken within the scope of his jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). McClendon is entitled to Eleventh Amendment immunity with respect to any claims brought against him in his official capacity. *See Larrew v. Barnes*, No. 3-06-CV-0547-R, 2006 WL 2993349 at *2 (N.D. Tex. Oct. 19, 2006) (holding that official capacity claim against attorney in Child Support Division of Texas Attorney General's Office was barred by Eleventh Amendment immunity). To the extent plaintiff sues McClendon in his individual capacity, he alleges no facts in his complaint or interrogatory answers giving rise to a plausible claim under federal law. His conclusory assertions that McClendon "tried to keep records from coming out" and "ignored my having a DNA test" are insufficient to state a claim for relief.

C.

Plaintiff also appears to challenge the validity of the order requiring him to pay child support and his subsequent incarceration for failing to comply with that order. Specifically, plaintiff alleges that he was denied the right to counsel, that no one investigated the history and character of the child's mother, and that the judge did not order a DNA test to determine paternity. This is clearly

a collateral attack on the state child support proceeding, which is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Mosley v. Bowie County*, 275 Fed.Appx. 327, 329, 2008 WL 1805514 at *2 (5th Cir. Apr. 22, 2008), *quoting Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, *quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). Plaintiff's claims are barred by *Rooker-Feldman* because they "invit[e] district court review and rejection" of the state child support judgment. *Id.*[1]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] To the extent plaintiff challenges his 180-day incarceration for civil contempt, his claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which holds that a party cannot bring a civil rights action based on the validity of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. This rule applies with equal force to findings of civil contempt. *See, e.g. Fields v. Leonard*, No. 3-06-CV-0115-L, 2006 WL 488690 at *2 (N.D. Tex. Feb. 28, 2006). Because no court has ever reversed or invalidated the civil contempt finding, plaintiff's civil rights claims are *Heck*-barred.

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE